**John H. DUFF, and Prairie Brook Marathon, Incorporated, Plaintiffs–Appellants,**

v.

**MARATHON PETROLEUM COMPANY, Defendant–Appellee.**

No. 92–2599.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 11, 1993.

Decided Feb. 4, 1993.

**340**

Aram A. Hartunian, Steven P. Schneck (argued), Hartunian & Associates, Chicago, IL, for plaintiffs-appellants.

David L. Doyle (argued), Erin K. Higgins, Pope & John, Chicago, IL, for defendant-appellee.

Before BAUER, Chief Judge, and POSNER and COFFEY, Circuit Judges.

POSNER, Circuit Judge.

The Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*, limits the power of oil companies to terminate their franchised dealers. Termination is permitted, however, so far as material to this case, if the dealer refuses to comply with changes in provisions of the franchise—for example, an increase in the rental payments due the franchisor—provided the changes result from "determinations made by the franchisor in good faith and in the normal course of business" and not from a desire to prevent the renewal of the franchise. 15 U.S.C. § 2802(b)(3)(A)(i). John Duff contends in this lawsuit that he was forced to abandon his Marathon franchise in Palatine, Illinois, by Marathon's action in raising his rent in retaliation for his having brought a personal-injury suit against Marathon. The district judge granted summary judgment for Marathon and dismissed the suit, precipitating this appeal.

Marathon owns its gas stations and leases them to dealers such as Duff. It presented evidence that the rental which it charges to each dealer is determined by the application of a uniform computerized formula designed so that each dealership will generate the same rate of return to Marathon. The formula takes account of such things as the market value of the dealership and the amount of gasoline that the dealer buys from Marathon. The greater the market value, the more money Marathon would have if it sold the dealership, so the interest it could obtain on that money is an opportunity cost of the dealership and therefore figures in the calculation of the rental. The more gasoline the dealer sells, the more profit Marathon makes from the dealer, so, other things being equal, a larger-volume dealer will be charged a lower rental, since the uniform rate of return that Marathon seeks is a rate of return based on all of its transactions with the dealer—the sale of gasoline and other products as well as the lease of the land and buildings.

In its statement of uncontested facts, submitted in support of its motion for summary judgment, Marathon cited an affidavit by one of its employees to establish that Duff's rental had been computed in accordance with the uniform formula. In response, Duff, instead of citing evidentiary materials such as affidavits and depositions, cited his memorandum in opposition to the motion for summary judgment. That memorandum contained references to evidentiary materials, but the judge ruled that this method of indirect reference to the record did not satisfy a local rule's requirement of "specific references" to the record, and therefore Marathon's contention that Duff's rental had been computed in accordance with the uniform formula must be taken as an uncontested fact. And this fact, the judge went on to rule, showed that the change in the franchise to which Duff had refused to accede had resulted from a determination "made by the franchisor in good faith and in the normal course of business" and therefore could not have violated the dealers' statute.

We shall not waste time over the question whether the judge was being hypertechnical in throwing out a case because the plaintiff committed the sin of incorporation by reference. We do not understand Duff to be denying that the rental payment at which he balked was determined by inputting various numbers into a computer that spat out a dollar figure for the rental payment after performing a series of mathematical calculations for which the computer had been programmed, although he claims that in response to his repeated dis-

covery requests Marathon has failed to disclose the formula in an intelligible form. (Remarkably, at argument Marathon's lawyer denied that the formula exists in hardcopy form. He claimed that its only existence is as a computer program, accessible only to computer adepts—which neither party's lawyer is.) Duff's claim, at least his principal claim, is that the numbers which Marathon's employees keyed into the computer were jiggered in order to produce a rental figure that he could not afford, to punish him for his temerity in having sued Marathon. To this claim, proof that the rental figure was produced by the same formula used for all Marathon's dealers is not responsive. On this claim, which has nothing to do with the contretemps over the form in which Duff responded to the statement of uncontested facts, the district judge's opinion is silent. It contains not a word on the principal issue in the case.

Over a period of five years Marathon increased Duff's rental by more than 400 percent. The immediate cause was a succession of land appraisals and tax assessments that greatly increased the real estate valuation figure that was used to determine Duff's rental in accordance (we assume) with the formula. Duff points to a number of anomalies in the appraisals and to unexplained discrepancies between the appraisals of his station and the appraisals of similar Marathon stations in his immediate area, and to what appear to be errors in the tax-assessment figures. Combined with evidence, albeit not of the most powerful sort (Duff's own deposition), that Marathon refused to make necessary repairs to Duff's station, repeatedly threatened him with termination, and in a variety of other ways, some extremely petty, harassed and discriminated against him, the evidence that Duff presented concerning Marathon's valuation of his station appears to have created a genuine issue of material fact, precluding summary judgment. We say "appears" because none of this evidence was analyzed by the district judge. Marathon presented evidence that the people in the company who do the real estate appraisals are in a separate department that has nothing to do with determining franchise terms or renewals; and to its employees' uniform sworn denials that Duff was treated differently from any other dealer his self-serving affidavit is a weak response. It is possible therefore that a careful sifting of the evidence and perhaps a reopening of the record for additional discovery or affidavits will show that there is indeed nothing to Duff's case. But as far as we are able to determine without the aid of a usable opinion by the district judge, Marathon has failed to establish that there is no genuine issue of material fact.

The judgment is therefore vacated. We direct (under the authority of 7th Cir.R. 36) that the further proceedings in the district court be conducted by a different judge—to whom we shall leave it to decide, in the first instance at any rate, whether Marathon shall be required to make further disclosure of its computer program to the plaintiff, and also whether the latter should be permitted to file an amended complaint. His motion to do so was denied by Judge Lindberg on the basis of the judge's conclusion, which we are constrained to regard as premature, that the evidence of the uniform formula refuted any claim of discriminatory treatment.

VACATED AND REMANDED, WITH DIRECTIONS.